# EXHIBIT B

## SERVICES AGREEMENT

This Services Agreement (this "Agreement") is made and executed as of January 22, 2016 (the "Effective Date"), by and between Fairwinds Estate, LLC, a Nevada limited liability company (the "Company"), and IMC INVESTMENT GROUP FE WINERY, LLC, a Nevada limited liability company and BPB, LLC, a Belizean limited liability company and FAIRWINDS ESTATE WINERY, LLC, a Nevada limited liability company (collectively the "Parties").

### RECITALS

A. FAIRWINDS ESTATE, LLC and IMC INVESTMENT GROUP FE WINERY, LLC are members of FAIRWINDS ESTATE WINERY, LLC, a Nevada limited liability company, and own real property and operate a winery business located at 4550 Silverado Trail North, Napa County, California ("Winery").

B. The Company holds a federal winery basic permit CA-W-22102, a wine bond BWN-CA-21969 and a winery registration ("TTB Permits") issued by the United States Alcohol and Tobacco Tax and Trade Bureau ("TTB"). Company also holds Type 02 Winegrowers license, a License Number 559228 ("ABC License") issued by California Department of Alcoholic Beverage Control ("ABC") (collectively, "Winery Permits").

C. The Winery Permits held by Company were obtained with funds provided by FAIRWINDS ESTATE WINERY, LLC for use and benefit of all members of FAIRWINDS ESTATE WINERY, LLC in the operations of the Winery.

C. One or more of the Parties will be applying for their own TTB Permits, and/or to amend the existing TTB Permits, to be issued and approved by the TTB and an ABC License to be issued and approved by ABC, together with any other permits necessary to conduct business. The TTB Permits and the ABC Licenses to be issued to the Parties shall be referred to herein as the ("Partner Permits"). When the Partner Permits are issued and/or the Winery Permits amended (the "Permit Issue Date"), Parties intend to conduct business under the Winery Permits or Partner Permits, depending on the type of business to be conducted and ownership of the real property and operation of the Winery.

D. During the Term (as defined in Section 1 below) of this Agreement, the Parties desire that Company continue to maintain the Winery Permits and that the Company shall be responsible for all Winery operations under the Winery Permits and reporting with respect to the same during the Term as set forth in this Agreement.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants and conditions contained herein, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Parties agree as follows:

1

1. <u>Term</u>. This Agreement shall commence on the Effective Date and shall terminate thirty days after the date that all Partner Permits have been issued.

2. <u>Operations of Winery</u>.

   a. <u>Company's Winery Responsibilities</u>. During the Term of this Agreement, Company and the Parties shall operate the Winery in accordance with this Agreement. All such operations at the Winery shall be conducted by FAIRWINDS ESTATE WINERY, LLC (designee), and any wine produced at the Winery during the Term of this Agreement shall be owned by FAIRWINDS ESTATE WINERY, LLC (or designee) or Parites and all profits and all losses related to the operation of the Winery shall be retained or bore by FAIRWINDS ESTATE WINERY, LLC (or designee).

3. <u>Termination</u>.

   a. <u>Termination</u>. This Agreement may not be terminated until FAIRWINDS ESTATE WINERY, LLC and the Parties obtain all necessary Winery Permits of their own.

4. <u>Standard of Service</u>.

   a. <u>Warranty</u>. In performing the services to be provided hereunder, the parties of this agreement shall use reasonable diligence and care.

   b. <u>Compliance with Law</u>. The parties of this agreement warrants and covenants that all services to be performed by such party under this Agreement shall be performed by such party in compliance in all material respects with all applicable federal, state and local laws, rules and regulations, including all laws, rules and regulations relating to alcoholic beverages. In particular, without limiting the foregoing, Company shall, at Parties's and/or FAIRWINDS ESTATE WIENRY, LLC (or successor) expense, maintain its Winery Permits in good standing during the Term of this Agreement.

   c. <u>Cooperation.</u> The parties of this agreement shall use commercially reasonable efforts to cooperate with each other in all matters relating to this Agreement. Without limitation of the foregoing, each party shall promptly notify the other party of any third party claims of which it becomes aware that may be reasonably expected to have an impact on or relate to the services or this Agreement. Each party shall from time to time, at the reasonable request of the other party and without cost or expense to such party, execute and deliver such other instruments, documents or agreements and take such other actions as such other party may reasonably request, which are necessary to consummate the transactions contemplated hereby. In the event Company, Parties or FAIRWINDS ESTATE WIENRY, LLC receive payments on receivables owned by the other party, then each shall promptly repay to the party owning such receivables the amount erroneously received with respect thereto.

5. General Provisions.

    a. Entire Agreement; Incorporation of Recitals. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof, and supersedes all prior negotiations, drafts, and other understandings that the parties may have had concerning the subject matter hereof. The foregoing recitals are true and correct and are incorporated herein by this reference.

    b. Successors. The provisions of this Agreement shall inure to the benefit of, and shall be binding upon, the heirs, successors, executors, administrators and assigns of the parties.

    c. Amendments. This Agreement may not be amended or modified except by written documents signed by all parties.

    d. Severability. Whenever possible, each provision of this Agreement shall be interpreted so as to be effective and valid under applicable law. If any provision of this Agreement is held to be prohibited by, or invalid under, applicable law, the remainder of this Agreement and any other application of such provision shall not be affected thereby.

    e. Counterparts. This Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Each Party may rely upon the facsimile or .pdf signature of each other Party on this Agreement as constituting a duly authorized, irrevocable, actual, current delivery of this Agreement as fully as if this Agreement contained the original ink signature of the Party supplying a facsimile or .pdf signature.

    f. Notices. Any notice, demand, request, consent or other communication which either Party desires or is required to give to any other party shall be in writing and shall be deemed to have been given (i) when delivered personally to the recipient, (ii) one Business Day after being sent to the recipient by reputable overnight courier service (charges prepaid), and (iii) one Business Day after being sent to the recipient by confirmed facsimile transmission or delivery confirmed email. Either party may designate another address for itself at any time upon written notice to the other Party pursuant to this Section.

**FAIRWINDS ESTATE, LLC**

Robert Radovan
1336D Oak Street
St. Helena, CA 94574
Email: Robert@criswellradovan.com and Heather@criswellradovan.com
Fax: 707-963-0513

**IMC INVESTMENT GROUP FE WINERY, LLC and BPB, LLC**

Brandon Chaney
880 Northwood Blvd, Ste. 2
Incline Village, NV 89451
Email: brandon@gmail.com

3

FAIRWINDS ESTATE WINERY, LLC:

Robert Radovan
1336D Oak Street
St. Helena, CA 94574
Email: Robert@criswellradovan.com and Heather@criswellradovan.com
Fax: 707-963-0513

Brandon Chaney
880 Northwood Blvd, Ste. 2
Incline Village, NV 894451
Email: brandon@fairwindsestatewinery.com

       g.    Expense of Enforcement. In the event of any arbitration or litigation between the parties, whether based on contract, tort or other cause of action or involving bankruptcy or similar proceedings, in any way related to this Agreement, the non-prevailing party shall pay to the prevailing Party all reasonable attorneys' fees and costs and expenses of any type, without restriction by statute, court rule or otherwise, incurred by the prevailing party in connection with any action or proceeding (including arbitration proceedings, any appeal and the enforcement of any judgment or award), whether or not the dispute is litigated or prosecuted to final judgment. The "prevailing party" shall be determined by the court or arbitrator, as the case may be, based upon an assessment of which party's major arguments or positions taken in the action or proceeding could fairly be said to have prevailed (whether by compromise, settlement, abandonment by the other party of its claim or defense, final decision, after any appeals, or otherwise) over the other party's major arguments or positions on major disputed issues.

       h.    Governing Law. This Agreement shall be governed by, and construed in accordance with, the law of the State of California, without giving effect to principles of conflict of laws.

<Signature Page to Follow>

4

IN WITNESS WHEREOF, the Parties have executed this Services Agreement as of the date set forth above.

**FAIRWINDS ESTATE, LLC**

_____
Robert Radovan, Managing Member & President


**FAIRWINDS ESTATE WINERY, LLC**

_____
Robert Radovan, Manager & CEO

_____
Brandon Chaney, Manager and Member


**IMC INVESTMENT GROUP FE WINERY, LLC**

_____
Brandon Chaney, Manager & Member


**BPB, LLC**

_____
Brandon Chaney, Manager & Member

5