UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMC INVESTMENT GROUP FE WINERY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FAIRWINDS ESTATE, LLC, et al.,<br><br>Defendants. | Case No. 16-cv-01134-JSW<br><br>**ORDER DENYING IN PART DEFENDANTS' AND COUNTERCLAIMANTS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; ORDER SETTING SCHEDULE FOR SERVICE, BRIEFING, AND HEARING OF APPLICATION; AND QUESTION TO PARTIES**<br><br>Re: Dkt. No. 23 |

Defendants' and Counterclaimants' (collectively, "Defendants") application for temporary restraining order ("TRO") asserts that Plaintiff will acquire the Tebo/Napa LLC Amended Promissory Note dated March 31, 2015 ("the Tebo Note") on or about March 16-18, 2016. Defendants seek two forms of relief in their application for TRO: (1) an injunction against Plaintiff's acquisition of the Tebo Note; and (2) an injunction against Plaintiff's assisting in any foreclosure proceedings involving the Tebo Note. Defendants do not state when foreclosure proceedings might occur.

**A.  The Court Denies Defendants' Request for TRO Against Plaintiff's Acquisition of the Tebo Note.**

In order to obtain a TRO, the moving party "must establish that [it is] likely to succeed on the merits, that [it is] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted). The *Winter* court also noted that, because injunctive relief is "an extraordinary remedy," it "may only be awarded

1  upon a clear showing that the [moving party] is entitled to such relief." *Id.* at 22 (citing *Mazurek*
2  *v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)).  Thus, "[i]n each case, courts 'must balance
3  the competing claims of injury and must consider the effect on each party of the granting or
4  withholding of the requested relief.'" *Id.* at 24 (citing *Amoco Production Co. v. Gambell*, 480
5  U.S. 531, 542 (1987)).

6  In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious
7  questions" sliding scale approach survived *Winter*.  632 F.3d 1127, 1134-35 (9th Cir. 2011).
8  Thus, this Court may grant preliminary injunctive relief if the moving party demonstrates that
9  there are serious questions going to the merits and a hardship balance that tips sharply toward the
10 moving party, if the other two elements of the *Winter* test are also met.  *Id.*at 1132.  This allows
11 the Court "to preserve the status quo where difficult legal questions require more deliberate
12 investigation."  *See Sencion v. Saxon Mortg. Services, LLC*, No. 10-cv-3108 JF, 2011 WL
13 1364007, *2 (N.D. Cal. April 11, 2011).

14 The Court DENIES Defendants' request for an TRO against Plaintiff's March 16-18, 2016
15 acquisition of the Tebo Note.  The first *Winter* factor is Defendants' likelihood of success on the
16 merits of their claims.  On the present record, Defendants have not adequately demonstrated a
17 substantial question on the merits that Plaintiff's acquisition of the Tebo Note, in and of itself,
18 would be in violation of any contractual obligation or duty owed to Defendants.

19 The second and third *Winter* factors are the possibility of irreparable injury to Defendants
20 and the balance of the equities.  Although Defendants discuss the non-monetary injury that would
21 ensue if foreclosure occurs and they lose their interest in a unique business, they do not set forth
22 any irreparable injury that would flow only from the transfer of the Tebo Note, absent foreclosure.
23 Nor do they dispute Plaintiff's assertions, made in its own TRO application, that there is a risk of
24 foreclosure, in addition to increased interest charges, if Plaintiff does *not* purchase the Tebo Note,
25 tipping the equities against Defendants.

26 Finally, with regard to the fourth *Winter* factor, the public interest does not weigh in favor
27 of permitting a party to delay in making an application for TRO and then to seek relief when it is
28 too late for the other party to timely oppose the application.  Defendants admit that they knew of

the possibility of Plaintiff acquiring the Tebo Note at least as early as February 19, 2016. (Dkt. No. 23-1 ¶ 10.) This action was filed on March 7, 2016. Yet, Defendants filed their counterclaim on March 16, 2016 at 4:49 p.m. and their application for TRO on March 16, 2016 at 6:36 p.m. At this point, there was a possibility that the March 16-18, 2016 transfer of the Tebo Note could have already have taken place. The application is totally devoid of a showing of why Defendants could not have filed an action and motion seeking this relief earlier. Indeed, Defendants do not even contend that this factor weighs in favor of granting relief; they contend only that it is neutral.

Accordingly, on the present record, none of the *Winter* factors weighs in favor of granting Defendants' request for an TRO against Plaintiff's March 16-18 acquisition of the Tebo Note, and that application is denied.

**B. The Court Sets a Schedule for Briefing and Hearing of Defendants' Application for TRO Against Plaintiff's Foreclosing or Assisting in any Foreclosure Proceedings Involving the Tebo Note.**

The analysis of each *Winter* factor is different, however, with respect to Defendants' request for an injunction against Plaintiff's foreclosing or assisting in any foreclosure proceedings involving the Tebo Note. The Court requires additional briefing to resolve this issue. No party has contended that foreclosure will take place before briefing is possible.

Accordingly, the Court establishes the following schedule for an opposition and reply to be filed on shortened time.

The Court hereby ORDERS that, no later than 5:00 p.m. today, March 17, 2016, Defendants must serve a copy of each of the following upon Counter-Defendants Brandon Chaney and Anthony Zabit and provide a proof of service to this Court: (1) Defendants' Counterclaim in this action; (2) all moving papers and supporting documents regarding Defendants' motion for TRO and order to show cause regarding a preliminary injunction; (3) this Court's March 16, 2016 Order Requiring Proof of Service and Setting Briefing Schedule and Hearing (Dkt. No. 17); and (4) this order. If Defendants have previously served any of these documents on Mr. Chaney or Mr. Zabit, Defendants need not re-serve those documents, but must file the proof of service with this Court.

Plaintiffs and Counter-Defendants shall file and serve any opposition to Defendant's

1   motion for TRO against foreclosure proceedings by 2:00 p.m. on March 21, 2016. Defendants
2   shall file and serve any reply by no later than 2:00 p.m. on March 22, 2016. The Court shall hold
3   a hearing on the motion at 2:00 p.m. on March 23, 2016, in Courtroom 5, 2nd Floor, Federal
4   Courthouse, 1301 Clay Street, Oakland, California. If the Court finds the motion suitable for
5   disposition without oral argument, it shall notify the parties by order before 10:00 a.m. on March
6   23, 2016.

7   Service shall be made by use of a valid email address or by other means whereby the paper
8   is delivered on the date of service stated in the proof of service.

### C. The Court Sets an Issue for Briefing.

Under the briefing schedule set forth in this Court's orders yesterday and today, all parties now have an opposition to a motion for TRO due on March 21, 2016 at 2:00 p.m. In addition to any other issues the parties may address in those oppositions, the parties shall address whether the Court should appoint a temporary receiver to manage the affairs of the subject business during this litigation. *See* Fed. R. Civ. P. 66; *Canada Life Assurance Co. v. LaPeter*, 563 F.3d 837, 844 (9th Cir. 2009). This case appears to present numerous factual disputes; opposing claims of fraudulent conduct; and opposing claims that property is in imminent danger of being lost, concealed, injured, diminished in value, or squandered. *Id.* Accordingly, the Court tentatively finds that the appointment of a temporary receiver may be appropriate.

Before filing their opposition papers on March 21, 2016, the parties must meet and confer through direct dialogue and discussion to determine whether they can agree in principle to the appointment of a temporary receiver. *See* N.D. Civil L.R. 1-5(n). The parties shall submit declarations regarding the progress of these discussions no later than March 21, 2016 at 2:00 p.m. If the parties require additional time to engage in such discussions, the parties may submit a stipulation and proposed order requesting modification of the schedule set by the Court.

If the Court appoints a temporary receiver, the Court suggests that the parties either agree on an appropriate neutral third party, or agree on a procedure whereby the parties may submit a list of names to the Court, from which the Court will choose a receiver. The Court will also seek the parties' input regarding the powers and instructions to be given to the receiver.

**D.   Conclusion**

1.   The Court DENIES IN PART Defendants' and Counterclaimants' application for a TRO with respect to the request for an injunction against the March 16-18, 2016 transfer of the Tebo Note.

2.   The Court ORDERS Defendants and Counterclaimants to serve certain documents on Counter-Defendants Brandon Chaney and Anthony Zabit as set forth above and file a proof of service with this Court no later than 5:00 p.m. today, March 17, 2016.

3.   The Court SETS the briefing and hearing schedule above with respect to Defendants' and Counterclaimants' application for a TRO against Plaintiff's foreclosing or assisting in any foreclosure proceedings involving the Tebo Note.

4.   The Court ORDERS the parties to meet and confer and submit declarations regarding whether the Court should appoint a temporary receiver.

**IT IS SO ORDERED.**

Dated: March 17, 2016

JEFFREY S. WHITE
United States District Judge