UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMC INVESTMENT GROUP FE WINERY, LLC,<br><br>           Plaintiff,<br><br>   v.<br><br>FAIRWINDS ESTATE, LLC, et al.,<br><br>           Defendants. | Case No. 16-cv-01134-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART CROSS-MOTIONS FOR TEMPORARY RESTRAINING ORDER; AND SETTING SCHEDULE**<br><br>Re: Dkt. Nos. 6, 23 |

Pending are cross motions for temporary restraining order ("TRO"). The parties also each request an order to show cause why a preliminary injunction should not issue. The Court has considered the parties' papers, oral argument, relevant legal authority, and the record in this case, and for the reasons set forth below, the Court GRANTS IN PART AND DENIES IN PART both motions for TRO, and issues further scheduling orders as set forth herein.

**I.   THE PARTIES' CROSS-MOTIONS FOR TRO ARE GRANTED IN PART AND DENIED IN PART.**

In order to obtain a TRO, the moving party "must establish that [it is] likely to succeed on the merits, that [it is] likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest." *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008) (citations omitted). The *Winter* court also noted that, because injunctive relief is "an extraordinary remedy," it "may only be awarded upon a clear showing that the [moving party] is entitled to such relief." *Id.* at 22 (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Thus, "[i]n each case, courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Id.* at 24 (citing *Amoco Production Co. v. Gambell*, 480

1  U.S. 531, 542 (1987)).

2  In *Alliance for the Wild Rockies v. Cottrell*, the Ninth Circuit held that the "serious questions" sliding scale approach survives *Winter*. 632 F.3d 1127, 1134-35 (9th Cir. 2011). Thus, this Court may grant preliminary injunctive relief if the moving party demonstrates that there are serious questions going to the merits and a hardship balance that tips sharply toward the moving party, if the other two elements of the *Winter* test are also met. *Id.*at 1132. This allows the Court "to preserve the status quo where difficult legal questions require more deliberate investigation." *See Sencion v. Saxon Mortg. Services, LLC*, No. 10-cv-3108 JF, 2011 WL 1364007, *2 (N.D. Cal. April 11, 2011).

Additionally, a party that seeks a mandatory injunction must demonstrate that the law and the facts clearly favor the moving party. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015). A mandatory injunction goes beyond an order to maintain the status quo, and is an order for a responsible party to take action. *Id.* The Court will not issue a mandatory injunction in a doubtful case. *Id*.

For the reasons set forth on the record during the hearing on March 23, 2016, the Court GRANTS IN PART AND DENIES IN PART each party's motion for a TRO.

The Court DENIES both parties' requests to obtain any relief on an *ex parte* basis. In any case, all requests for *ex parte* relief are moot, because all papers have now been served on all parties. No further applications for *ex parte* relief should be filed without a showing of very good cause and strict compliance with this Court's Civil Local Rule 7-10.

Defendants' motion for TRO is GRANTED IN PART. Plaintiff and its agents, officers, members, sub-members, co-members, partners, associates, employees, representatives, affiliates, subsidiaries, attorneys, and all persons acting in concert or participating with them, are HEREBY ENJOINED from foreclosing or assisting in any manner with judicial or non-judicial foreclosure proceedings relating to the Amended Promissory Note in favor of TEBO/NAPA LLC dated March 31, 2015 (the "Amended Tebo Note"), pending further order of this Court. The Court finds that Defendants have shown a substantial question on the merits relating to the contractual provisions governing such an action; that Defendants will be irreparably injured if their interest in the unique

2

1  subject property is permanently lost through foreclosure; that the balance of hardships tips sharply
2  in Defendants' favor with respect to the harm they would suffer upon foreclosure; and that public
3  policy interests favor this injunction.

4  Except as expressly set forth in this order, the remaining relief requested in Defendants'
5  motion for TRO is DENIED, for the reasons set forth in this Court's March 17, 2016 order.

6  Plaintiff's motion for TRO is GRANTED IN PART, as follows.

7  No later than **Friday, March 25, 2016 at 4:00 p.m.**, Defendants shall provide a letter of
8  authority to Paychex, or any other pertinent accountants or payroll services, to give Plaintiff and
9  Counter-Defendants full access as administrators to all payroll functions in connection with
10 Fairwinds Estate Winery, LLC, including access to and passwords for all online payroll services,
11 including but not limited to the online portal, reporting engine, payroll tax reports, and W-2s.

12 No later than **Friday, March 25, 2016 at 4:00 p.m.**, Plaintiffs and Defendants shall
13 exchange copies of all accounting and financial information, bank statements, invoices, checks,
14 company books, and other company records, both hard copy and electronic, relating to the
15 management and accounting of Fairwinds Estate Winery, LLC.  This exchange of accelerated
16 discovery shall provide the transparency both parties seek; further both parties' interest in
17 complying with payroll, taxation, and reporting requirements; and provide information necessary
18 for a successful mediation.  The parties shall engage in meaningful meet and confer discussions
19 regarding the information that shall be exchanged and shall broadly provide copies of all relevant
20 information.  If the parties dispute the scope of information that must be provided, the parties may
21 seek an expedited hearing from the Court by joint letter brief, as set forth in this Court's Civil
22 Standing Orders.  As explained at the hearing, however, the scope of this disclosure is intended to
23 be broad.  Further, this disclosure shall be supplemented upon request of either party on an
24 ongoing basis.

25 No later than **Tuesday, March 29, 2016**, the parties shall meet and confer and submit a
26 stipulation and proposed order detailing a plan for transferring all Fairwinds Estate Winery, LLC
27 contracts, government approvals, bonds, permits, and other property that is presently in the name
28 of any Plaintiff or Defendant into the name of Fairwinds Estate Winery, LLC.  The proposed order

1 may be accompanied by a short joint pleading specifically identifying any remaining areas of
2 disagreement regarding this topic.

3     Defendants shall cease to instruct employees or other individuals not to cooperate with
4 Plaintiff and Counter-Defendants as managers of Fairwinds Estate Winery, LLC.

5     Except as set forth above, Plaintiff's request for TRO is DENIED.

6     Further, the Court DENIES the parties' respective requests that the other party post a bond
7 pursuant to Federal Rule of Civil Procedure 65(c). No party has demonstrated that there is a bond
8 amount that the other side is able to pay that could properly provide compensation for costs and
9 damages sustained by any party found to have been wrongfully enjoined or restrained. Moreover,
10 the Court finds that under the circumstances, the subject property itself provides adequate security.

## II. SCHEDULE FOR BRIEFING OF MOTIONS FOR PRELIMINARY INJUNCTION.

12     For the reasons set forth on the record, the Court ORDERS the parties to comply with the
13 following schedule for briefing of any motion for preliminary injunction.

14     **Thursday, March 24, 2016, 4:00 p.m.** The parties shall inform the Court whether they
15 stipulate to this order becoming the preliminary injunction in this case, or whether they will brief
16 either or both of their motions for preliminary injunction.

17     **Tuesday, March 29, 2016.** Plaintiff's motion for preliminary injunction is due. The
18 motion shall focus on relief that Plaintiff seeks that differs from the relief set forth in this order.
19 The motion must support each specific request set forth in the proposed order.

20     **Friday, April 1, 2016.** Defendant's response to Plaintiff's motion for preliminary
21 injunction and any cross-motion is due. The opposition and any cross-motion shall be contained
22 in a single brief. The opposition shall address the specific requests made in Plaintiff's motion.
23 Any cross-motion must focus on relief that Defendant seeks that differs from the relief set forth in
24 this order, and must support each specific request set forth in the proposed order.

25     **Tuesday, April 5, 2016.** Plaintiff's reply in support of Plaintiff's motion for preliminary
26 injunction and response to any cross-motion is due.

27     **Friday, April 8, 2016.** Defendant's reply in support of any cross-motion is due.

28

### III. OTHER SCHEDULING ORDERS.

The parties are ordered to participate in mediation, to be completed by **April 15, 2016**. Each party shall attend the mediation session in person, with each lead client representative, lead counsel, and each side's person who is the most knowledgeable regarding the disputed accounting issues.

The parties shall meet and confer regarding whether they can agree to a private mediator, who can complete the mediation by April 15, 2016. The parties shall submit the name of the private mediator to the Court or shall submit a brief joint pleading stating that they have not agreed to a private mediator by **Friday, March 25, 2016, at 2:00 p.m**. If the parties cannot agree to a private mediator by Friday, March 25, 2016 at 2:00 p.m., the Court will order mediation by a court-appointed panel mediator.

By **Friday, March 25, 2016 at 4:00 p.m.**, Plaintiff shall submit a motion to strike or a motion to seal all documents currently locked on the Court's docket. *See* N.D. Cal. Civil L.R. 79-5. The motion shall take the form of a stipulation and proposed order, or shall be accompanied by a declaration stating why a stipulation could not be obtained.

By **Wednesday, March 30, 2016**, Plaintiff shall file a brief regarding whether the Court should appoint a receiver or a special master in the event that mediation is not successful. Defendant may file a response by **Monday, April 4, 2016**. No reply shall be filed.

For the reasons stated on the record, if mediation is not successful, the parties must meet and confer regarding the appointment of a receiver or a special master, depending on the Court's order following the briefing in the previous paragraph. In this event, by **April 15, 2016**, the parties must submit either the stipulated name of an individual to act as receiver or special master (depending on the Court's order), or a stipulated short list of not more than 5 names from which the Court can select the individual. Also by **April 15, 2016**, the parties shall submit a joint proposal detailing the stipulated responsibilities, duties, and powers of the receiver or special master, and specifically identifying any areas of disagreement. The compensation and expenses of the receiver or special master shall be paid as set forth on the record of the March 23, 2016 hearing.

1       All other orders made on the record at the March 23, 2016 hearing remain in effect.

2       **IT IS SO ORDERED.**

3 Dated: March 23, 2016

_____
JEFFREY S. WHITE
United States District Judge