UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMC INVESTMENT GROUP FE WINERY, LLC,<br><br>Plaintiff,<br><br>v.<br><br>FAIRWINDS ESTATE, LLC, et al.,<br><br>Defendants. | Case No. 16-cv-01134-JSW<br><br>**ORDER REQUIRING SUPPLEMENT TO CASE MANAGEMENT STATEMENT**<br><br>Re: Dkt. No. 83 |

The Court has reviewed the parties' case management statement. No later than Thursday, June 9, at 2:00 p.m., the parties shall submit a supplemental joint case management statement containing a revised proposed schedule that addresses the following issues:

Section 5 of the case management statement requests a deadline to file amended pleadings "no earlier than October 2016." Section 17 of the case management statement anticipates that the parties "will be ready for trial by January 9, 2017" and requests a November 4, 2016 deadline to designate experts and to provide expert reports. Do the parties anticipate that the amendment of pleadings will result in any further motions practice, or are the pretrial and trial dates realistic despite the requested deadline for amendment of pleadings?

Section 17 of the case management statement does not include a proposed expert discovery cut-off. What is the parties' requested expert discovery cut-off?

Section 17 of the case management statement proposes that dispositive motions be heard "by December 5, 2016." The Court is available on Friday, December 2, 2016, at 9:00 a.m. Do the parties request a dispositive motions hearing on this date even though it is before the proposed date of December 5, 2016 for designation of rebuttal experts and disclosure of rebuttal expert reports?

1    Section 15 of the case management statement states: "Issues related to contract rescission
2  or interpretation may need to be determined prior to determination of damages or other remedies."
3  Section 18 of the case management statement states: "The parties have each demanded a jury trial.
4  Some claims are equitable (removal of manager, rescission, declaratory relief, accounting) and
5  may be tried to the Court." The revised proposed schedule shall propose a plan for disposition of
6  these issues. The parties shall explain which issues shall be presented at which time, whether by
7  motion, bench trial, or jury trial.
8    Before proposing their revised schedule, the parties shall carefully review the Court's
9  Guidelines for Trial and Final Pretrial Conference in Civil Cases, both for bench trials and jury
10 trials, and take note of the dates for exchange of motions in limine, oppositions thereto, and other
11 pretrial filings. The parties shall also take note that this Court generally holds the pretrial
12 conference on a Monday, at 2:00 p.m., fourteen days before the first day of trial. The parties shall
13 review the Scheduling Notes for the undersigned on the Court's website.
14   The parties shall meet and confer prior to the filing of the supplemental case management
15 statement. *See* N.D. Cal. Civil L.R. 1-5(n).
16   **IT IS SO ORDERED.**
17 Dated: June 8, 2016

_____
JEFFREY S. WHITE
United States District Judge