RONALD K. LOSCH - #98170
MARK R. MEYER - #238231
Losch & Ehrlich - Attorneys at Law
425 California Street, Suite 2025
San Francisco CA 94104
Telephone:   (415) 956-8400
Facsimile:    (415) 956-2150
Email:          rl@losch-ehrlich.com
                    mm@losch-ehrlich.com

Attorneys for Plaintiff IMC Investment Group
FE Winery, LLC and Counter-Defendants
IMC Investment Group FE Winery, LLC;
Brandon Chaney; and Anthony Zabit

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMC Investment Group FE Winery, LLC, <br><br> Plaintiff, <br><br> v. <br><br> Fairwinds Estate, LLC; <br> Criswell Radovan LLC; <br> Robert Radovan aka Rob Radovan; <br> William Criswell aka Bill Criswell; <br> Lisa Pacey aka Lisa Pacey-Willis; and <br> Heather Hill, <br><br> Defendants. <br><br> Fairwinds Estate Winery, LLC, <br><br> Nominal Defendant. <br><br> AND COUNTER-CLAIMS. | Case No. 4:16-cv-01134-JSW <br><br> STIPULATION FOR ORDER DISMISSING ACTION AND FOR RETENTION OF JURISDICTION TO ENFORCE SETTLEMENT; [PROPOSED] ORDER <br><br> Action Filed:  March 7, 2016 <br> Judge:           Hon. Jeffrey S. White <br> Dept.:            5 |

//

//

//

---

Stipulation and Order Dismissing Action
Case No. 4:16-cv-01134-JSW

1

**STIPULATION**

This Stipulation for Order Dismissing the Action and for Retention of Jurisdiction to Enforce Settlement ("Stipulation") is entered into by Plaintiff IMC Investment Group FE Winery, LLC ("IMC") and Counter-defendants Brandon Chaney ("Chaney"), and Anthony Zabit ("Zabit"), on the one hand (collectively "IMC Parties"), and Defendants and Counter-claimants Fairwinds Estate, LLC ("FE"), Criswell Radovan, LLC ("CR"), Robert Radovan ("Radovan"), William Criswell ("Criswell"), Lisa Pacey-Willis ("Pacey"), and Heather Hill ("Hill"), on the other hand (collectively "CR Parties") (IMC parties and CR Parties, collectively, the "Parties") through their respective counsel of records, with respect to the following:

1. On March 7, 2016, IMC commenced this action by filing a Complaint for (1) Breach of Written Contract (Operating Agreement); (2) Breach of Written Contract (Services Agreement); (3) Breach of Duty of Loyalty; (4) Breach of Duty of Care; (5) Fraud; (6) Unfair Business Practices; (7) Declaratory Relief; and (8) Accounting (the "Complaint") against FE, CR, Radovan, Criswell, Pacey and Hill.

2. On March 16, 2016, FE, CR, Radovan, Criswell, Pacey and Hill filed an Answer to the Complaint and FE filed a Counterclaim for: (1) Fraud – Rescission, (2) Fraud – Damages, (3) Reformation Based on Fraud, (4) Breach of Fiduciary Duty and Injunctive Relief, (5) Declaratory Relief, and (6) Accounting (the "Counterclaim") against IMC, Chaney and Zabit.

3. The Counterclaim was amended by the First Amended Counterclaim filed on April 5, 2016, and the Second Amended Counterclaim (the "Second Amended Counterclaim") filed on June 29, 2016.

4. IMC, Chaney and Zabit filed an Answer to the Second Amended Counterclaim on July 15, 2016.

5. On March 23, 2016, the Court issued a temporary restraining order and on May 2, 2016, issued an order regarding preliminary injunction and appointment of a receiver in this Action. Docket No. 40, No. 78.

6. As set forth in the pleadings to this action: the Parties have disputes arising out of the

ownership, membership, formation, management, operation, and property of FEW.  FEW owns real estate located at 4550 Silverado Trail North, Calistoga, CA 94515 (the "Property"), and other assets related to the operation of a winery business conducted on the Property (the "Winery").

7. The Parties have entered into a confidential Settlement Agreement dated August 5, 2016 (the "Settlement Agreement"), in which the Parties have agreed to dismiss this action in its entirety with prejudice to all Parties subject to this Court retaining jurisdiction over the parties with respect to the enforcement of the Settlement Agreement and any disputes that arise in connection with the Settlement Agreement.

8. Terms of the Settlement Agreement call for actions that are reasonably likely to be taken over the next three to twelve months:

   a. The Settlement Agreement calls for payments of funds within 120 days; transfer of the ownership interests in FEW; and the transfer or amendment of the existing Winery permits.

   b. If the payments of funds are timely made, the Parties expect the transfers of entity interests to be completed within 125 days of the Settlement.

   c. In the event payments are not timely made, the Settlement Agreement includes provisions for the sale of the Winery, including provisions addressing how the Winery would be sold and how funds would be distributed from a sale.  If the Winery is to be sold, the Parties anticipate that the process of marketing, negotiating, and closing a transfer of the Winery and distribution of funds may take an additional six months.

   d. The Settlement Agreement also includes provisions related to cooperation in management, operation, and sale of the Winery; transfer of the Winery interests; and transfer or amendments to the Winery permits.

   e. The time period for transfer or amendment to the existing Winery permits depends upon governmental entities.  The Parties estimate it may take as long as 180 days to

1  complete the transfer or amendment of the Wine permits following the payment of funds, or the sale
2  of the Winery.[1]
3      9.    Because of the nature of the disputes between the Parties, in order to accomplish the
4  settlement and implement the Settlement Agreement in this Action, it would be an insufficient and
5  inefficient remedy for the IMC Parties or the CR Parties to file a new action for breach of the
6  Settlement Agreement after dismissal of this Action.  Accordingly, the parties have agreed to dismiss
7  the Action subject to the Court retaining jurisdiction to enforce the terms of the Settlement
8  Agreement.
9      10.    For these reasons, the parties respectfully request this Court to retain jurisdiction for
10 the enforcement of the Settlement Agreement and any disputes that arise in connection with the
11 Settlement Agreement until August 5, 2017, unless a Party seeks an order, by stipulation or noticed
12 motion, filed with the Court prior to August 5, 2017, supported by good cause, for the Court to
13 extend the period of time over which the Court shall retain jurisdiction.
14     IT IS HEREBY STIPULATED by and amongst the Parties that:
15     1.  Pursuant to Federal Rule of Civil Procedure 41(a)(2), the above-captioned action be
16 dismissed in its entirety, with prejudice, with each party to bear their own fees and costs.
17     2.  The Court shall retain jurisdiction following its dismissal over the Parties with respect to
18 the enforcement of the Settlement Agreement and any disputes that arise in connection with the
19 Settlement Agreement until August 5, 2017.  A Party may seek an order, by stipulation or noticed
20 motion, filed with the Court prior to August 5, 2017, supported by good cause, for the Court to
21 extend the period of time over which the Court shall retain jurisdiction.  The Court shall have
22 jurisdiction until such motion is ruled upon.

---

[1] The Parties agree that the recitation of facts and summary of terms of the Settlement Agreement shall not be used to define, amend, or interpret the Settlement Agreement, and the Settlement Agreement constitutes the entire understanding of the Parties with respect to the matters herein set forth therein.

Stipulation and Order Dismissing Action
Case No. 4:16-cv-01134-JSW

SO STIPULATED:

Dated: August 9, 2016                    LOSCH & EHRLICH

By: /s/ Mark R. Meyer
Ronald K. Losch
Mark R. Meyer
Attorneys for Plaintiff IMC Investment Group
FE Winery, LLC and Counter-Defendants
IMC Investment Group FE Winery, LLC;
Brandon Chaney; and Anthony Zabit

Dated: August 9, 2016                    COX, CASTLE & NICHOLSON LLP

By: /s/ Ali P. Hamidi
Ali P. Hamidi
Susan S. Davis
Attorneys for Defendants and Counter-Claimants, Fairwinds Estate, LLC, and Robert Radovan, and Defendants Criswell Radovan, LLC, William Criswell, Lisa Pacey, and Heather Hill

## **ORDER**

Having considered the stipulation of the parties and good cause appearing, the Court orders as follows:

1. Pursuant to Federal Rule of Civil Procedure 41(a)(2), the above-captioned action be dismissed in its entirety, with prejudice, with each party to bear their own fees and costs.

2. The Court shall retain jurisdiction following its dismissal over the Parties with respect to the enforcement of the Settlement Agreement and any disputes that arise in connection with the

1   Settlement Agreement until August 5, 2017.  A Party may seek an order, by stipulation or noticed
2   motion, filed with the Court prior to August 5, 2017, supported by good cause, for the Court to
3   extend the period of time over which the Court shall retain jurisdiction.  The Court shall have
4   jurisdiction until such motion is ruled upon.
5       PURSUANT TO STIPULATION, IT IS SO ORDERED.

7   Dated:   August 15, 2016

    By: _____
    Hon. Jeffery S. White